UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62126-CIV-ZLOCH

OSMOND MORRIS,

       Plaintiff,

                                     **O R D E R**

vs.

OCWEN LOAN SERVICING, LLC,

       Defendant.
_____/

THIS MATTER is before the Court upon Defendant's Motion For Partial Summary Judgment (DE 44). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

## I. Background

Plaintiff Osmond Morris (hereinafter "Plaintiff") initiated the above-styled cause by filing a three-count Complaint (DE 1) alleging violations of the (i) Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 - 559.785 (hereinafter "FCCPA"), (ii) Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and (iii) Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (hereinafter "TCPA") against Defendant Ocwen Loan Servicing, LLC (hereinafter "Defendant"). However, on March 25, 2015, Plaintiff filed his Second Amended Complaint (DE 27), which retained only the allegations against Defendant under the TCPA remaining.

The following facts, unless otherwise noted, are undisputed.[1]

---

[1] The following facts are taken from Defendant's Statement Of Material Facts In Support Of Its Motion For Partial Summary Judgment (DE 45) accompanying Defendant's Motion For Partial Summary Judgment (DE 44), and Plaintiff's Response To Defendant's Statement Of Material Facts In Support Of Its Motion For Partial Summary Judgment (DE 49).

Plaintiff was a debtor on two securitized mortgage loans serviced by Defendant.  The first property at issue is located at 349 - 353 N.W. 7th Street, Pompano Beach, FL 33060 (hereinafter "349 Property"), and secures Ocwen Loan Number -2247, which is held by U.S. Bank N.A., As Trustee For The Registered Holders Of Asset Backed Certificates, Series 2005-HE4 (hereinafter "U.S. Bank Trustee"). The second property at issue is located at 313 N.W. 7th Street, Pompano Beach, FL 33060 (hereinafter "313 Property"), and secures Ocwen Loan Number -6821, which is held by Deutsch Bank National Trust Company, As Trustee For Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2 (hereinafter "Deutsche Bank Trustee").

Primarily at issue in the above-styled cause is the scope and reasonableness of Plaintiff's revocation of consent to receiving calls from Defendant.  Therefore, the facts recited in this Order are limited to those material to the issue of revocation of consent.

From 2009 to 2013, several Qualified Written Requests, that is, written correspondences to a mortgage servicer, were sent by or on behalf of Plaintiff to Defendant with respect to both the 349 Property and the 313 Property.  Of note, in a Qualified Written Request dated February 13, 2013, Plaintiff stated:

> Please do not contact us by telephone.  In [o]rder to avoid any misunderstanding, all communication shall henceforth be on the record, i.e. in writing and duly served.  Please serve all communications and process directly to the mailing address provided below . . .

DE 45-5, p. 2.  However, after sending the Qualified Written Request with the above quoted language asking Defendant to cease making telephone calls to him, Plaintiff still received calls from

Defendant as to both the 349 Property and 313 Property.  More specifically, with respect to the 349 Property, Defendant made a series of automated calls to Plaintiff from on or about May 10, 2013, until January 26, 2014.  With respect to the 313 Property, Defendant made a series of automated calls to Plaintiff from on or about May 20, 2013, until June 4, 2013.

Of particular note in the above-styled cause is a phone call placed by an employee of Defendant to Plaintiff with respect to the 313 Property on May 31, 2013.  During this call, Plaintiff communicated that, "I'm finished talking right now, okay.  But, you know, I'll appreciate if you guys stop calling me."  DE 49-1, p. 38.

## II. <u>Standard of Review</u>

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The party seeking summary judgment

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quotation omitted).  "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991); <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987). All justifiable inferences are to be drawn in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

III. Analysis

In the instant Motion (DE 44), Defendant seeks partial summary judgment with respect to Plaintiff's claims of violations of the TCPA related to the 349 Property. Defendant argues that (i) Defendant had Plaintiff's consent to call his cellular telephone, and (ii) that Plaintiff revoked his consent to be called on the 313 Property only, not the 349 Property.

In his Response, Plaintiff primarily argues that although he may have given prior express consent to be called, he subsequently and reasonably revoked his consent to such calls for both the 349 Property and the 313 Property.

Therefore, assuming, arguendo, that Defendant properly obtained prior consent from Plaintiff to call him, the determination of the scope and reasonableness of Plaintiff's revocation of consent represents the crux of the controversy.

Congress enacted the TCPA to make clear that, "individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, No. CG02-278, 2015 WL 4387780, at

4

¶ 2 (OHMSV July 10, 2015).  The TCPA and the rules of the Federal Communications Commission (hereinafter "FCC") "empower consumers to decide which robocalls and text messages they receive, with heightened protection to wireless consumers, for whom robocalls can be costly and particularly intrusive."  Id. at ¶ 1.

The FCC has been charged with articulating rules and regulations implementing the TCPA.  See 47 U.S.C. § 227(b)(2). Therefore, rules governing the revocation of consent would be found in guidance released by the FCC.  The FCC noted, with respect to revocation and opt-outs, "where Congress intends to specify the means of opting out, it does so."  Id. at ¶ 65.  In the absence of specification, the FCC may provide guidance as to the interpretation, which is noted as follows:

> As an initial matter, [the FCC] note[d] . . . that 'neither the text of the TCPA nor its legislative history directly addresses the circumstances under which prior express consent is deemed revoked.'  [The FCC] thus may provide a reasonable construction of the TCPA's terms, and clarify that consumers may revoke consent in any manner that clearly expresses a desire not to receive further messages, and that callers may not infringe on that ability by designating an exclusive means to revoke.

Id. at P 63 (emphasis added).  In providing this guidance, the FCC agreed with the Third Circuit that, "in light of the TCPA's purpose, any silence in the statute as to the right of revocation should be construed in favor of consumers."  Id. at ¶ 56.

The FCC concluded that, with respect to the issue of revocation of consent, "the most reasonable interpretation of consent is to allow consumers to revoke consent if they decide they no longer wish to receive voice calls or texts . . . [t]his gives consent its most appropriate meaning within the consumer-protection goals of the TCPA."  Id. at P 56.

In the same Declaratory Ruling and Order, the FCC also addressed the ability of callers to designate the exclusive means by which consumers must revoke consent. In this regard, the FCC concluded as follows:

> Consumers have a right to revoke consent, using any reasonable method including orally or in writing. Consumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities. We find that in these situations, callers typically will not find it overly burdensome to implement mechanisms to record and effectuate a consumer's request to revoke his or her consent. <u>We conclude that callers may not abridge a consumer's right to revoke consent using any reasonable method</u> . . . The common thread linking these cases is that consumers must be able to respond to an unwanted call—using either a reasonable oral method or a reasonable method in writing—to prevent future calls."

<u>Id.</u> at ¶ 64 (emphasis added).

As mentioned, <u>supra</u>, Plaintiff alleges that he revoked consent with respect to both the 349 Property and 313 Property by virtue of a Qualified Written Response and an oral revocation by phone call on May 31, 2013.

Defendant argues that Plaintiff's revocations were limited solely to the 313 Property when analyzing the context in which the revocations were made. The language of the revocations, in and of themselves, do not clearly establish the scope of Plaintiff's revocation as intended by Plaintiff and no cited case law clearly supports granting of partial summary judgment in the above-styled cause.

Thus, even assuming, arguendo, that Defendant rightfully obtained Plaintiff's prior consent to receive telephone calls, there still exists a genuine question of fact as to the scope and reasonableness of Plaintiff's revocations, precluding partial

summary judgment at this stage of the proceedings.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant's Motion For Partial Summary Judgment (DE 44) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this _____24th_____ day of August, 2015.


_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

7